IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEVIN BRANDIS PUGH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    Case No. 2:25-cv-12-MHT-CWB |
| | ) |
| **HHH MOTORCYCLE SELLER,** | ) |
| | ) |
|     **Defendant.** | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

    Devin Brandis Pugh, who is proceeding *pro se*, filed this action and sought leave to proceed *in forma pauperis* (Doc. 8). By Order entered February 26, 2025 (Doc. 9), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e). After conducting such review and concluding that the Complaint was insufficiently pleaded, the undersigned Magistrate Judge issued an Order on May 20, 2025 directing Pugh to file an Amended Complaint no later than June 3, 2025. (Doc. 19). The Order set out how the Complaint was deficient and what information should be included within the Amended Complaint. (*Id*.). Pugh further was expressly cautioned "**that his failure to file an Amended Complaint meeting the requirements of this Order may result in a recommendation that the action be dismissed**." (*Id.* at p. 3) (bold in original). Notwithstanding the directive to replead and warning against not doing so, Pugh failed to take any action by the imposed deadline.

    The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to

1

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp*., 715 F. App'x 912, 915 (11th Cir. 2017). Here, the court finds that Pugh's failure to replead or otherwise respond by the imposed deadline constitutes a clear record of delay and/or willful contempt; and the court finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e*., where Pugh failed to act despite having been warned about the potential for dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the May 20, 2025 Order (Doc. 19). In short, Pugh purports to assert claims against a defendant identified merely as "HHH Motorcycle Seller" (*see* Doc. 2 at pp. 5-6), but such fictitious party pleading generally is not permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). And Pugh has not provided a sufficient description of "HHH Motorcycle Seller" so as to come within the narrow exception to that prohibition. *Id*. (recognizing an exception "when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage") (quotation marks and citation omitted); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (explaining that a plaintiff must provide a "description ... sufficiently clear to allow service of process on the [fictitious party]") (citations omitted). Pugh's attempt to name the defendant as "HHH Motorcycle Seller" thus is wholly ineffective.

For all of these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **July 2, 2025**. An objecting party must identify the specific portion(s) of all factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 18th day of June 2025.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**